J. R. Swan, J.
A sale by a trustee, upon reasonable time of credit, taking the usual security, is an act of good faith, and is recognized by our laws relating to the settlement of the estates of deceased persons, and is frequently directed by the court. An absolute and inflexible rule, that a trustee for the payment of debts, *621, 622 621] must at all times, and under all *circumstances, sell for cash, would not be for the interest of creditors. And if this be so, a provision in the trust deed in regard to credit, not specifically requiring a credit beyond what a court would sanction in the absence of such provision, can not, in our opinion, be deemed per se fraudulent. The courts of New York, however, hold that an assignment by an insolvent debtor, authorizing the trustee to sell “for cash, or upon credit, or partly for cash and partly for credit, as the trustee shall think reasonable and proper,” is fraudulent and void. Nicholson et al. v. Leavitt et al., 2 Seld. 510; Burdick v. Post et al., 12 Barb. 168. But this seems to be law peculiar to Now York; and the dissenting opinion of Brown, J., in the case of Burdick v. Post et al., above referred to, shows very conclusively to our minds that the decision of the majority can not bo sustained upon principle or authority, and we must refer to that dissenting opinion for the reasons upon which our own opinion is based.
An assignment requiring a credit to be given beyond that authorized by law on sales by executors and administrators would, in general, bo deemed conclusive evidence of an intent to hinder and delay creditors, and therefore void. And when the assignment, as in the case before us, gives the assignee a discretion as to credit, we arc of the opinion that a sale giving a credit beyond that authorized by law on sales by executors and administrators, would be an abuse of discretion; and in many cases the nature of the property and the state of the market, and other circumstances, would require the trustees to sell for cash, or on a shorter credit than executors or administrators are permitted to do.
Where, as in this case, the trustee has abused the discretion given 622] him., the creditors may require the notes taken *for the property to be sold, and may have such remedy against the trustee as the circumstances may require.
The other provisions of the assignment we do not think, per se, fraudulent.
Bartley, C. J., and Brinkerhoee, Bowen, and Scott, JJ., concurred.